### STATE ex RHOMBERG v GUCKENBERGER

Ohio Appeals, 1st Dist, Hamilton Co

No 4907. Decided July 1, 1935

Merland, O'Meara, Santen & Willging, Cincinnati, and R. Edward Tepe, Cincinnati, for relator.

Louis J. Schneider, Cincinnati, and Walter M. Locke, Cincinnati, for respondent.

## OPINION

PER CURIAM

This is an original action in mandamus to require the respondent to receive and file the relator's application to transfer license plates, and issue to him a certificate authorizing the transfer of license plates from the automobile formerly owned to the new one acquired by him.

The respondent is the Deputy Registrar of the Bureau of Motor Vehicles of the Department of Highways of the State of Ohio. His duties in this capacity in so far as they relate to the issue raised in this case are defined by §6294, GC, as amended, effective April 9th, 1935, (House Bill 255) as follows:

"If such application is not in proper form, or if proper bills of sale or sworn statement of ownership or proper certificate thereof, or certificate of title or memorandum certificate does not accompany the application, or if an applicant presenting a bill of sale dated after January 27, 1935, fails to show either payment of the three per cent sales tax or a reason for an exemption from such tax to be presented in a manner to be prescribed by the tax commission, or if all registration and transfer fees required by law for such motor vehicle, for the preceding year, have not been paid, the license shall be refused."

It will be noted that if an exemption from the three per cent sales tax is claimed it is incumbent upon the applicant to show the reason for the exemption "in a manner to be prescribed by the tax commission." Unless and until all the conditions precedent prescribed in §6294, GC, supra, are complied with, the registrar is under an express mandate to refuse the transfer.

Looking to the petition, we find that there is no allegation that the relator presented any reason for the exemption in any form to the registrar. Nor was any evidence introduced that he had presented any reason for the exemption "in a manner" prescribed by the tax commission, or that he had sought to have the tax commission prescribe a manner of presenting the reason for the exemption.

In 25 O. Jur., 995, it is said:

"According to the Ohio statutes, 'mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty, resulting from an office, trust, or station'."

And, at page 997, et seq.:

"It is well settled that the relator's right to the relief sought must be clear. In addition to this, it must appear that the particular act which constitutes an absolute obligation is devolved upon the particular person or officer sought to be coerced; and a plain dereliction of duty must be established against such person or officer, before the writ will be awarded."

Measured by these standards, we are of the opinion that the relator has failed to show a right to the writ, and it is, therefore, denied.

ROSS, PJ, and MATTHEWS, J, concur.